UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL FRIES,

         Plaintiff,

   vs.

PFEIFFER et al.,

         Defendants.

**1:22-cv-00380-GSA-PC**

**ORDER DENYING PLAINTIFF'S MOTION FOR CHANGE OF VENUE**

**(ECF No. 8.)**

## I.      BACKGROUND

Michael Fries ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  On March 30, 2022, Plaintiff filed the Complaint commencing this action at the United States District Court for the Northern District of California.  (ECF No. 1.)  On March 31, 2022, the case was transferred from the Northern District of California to the Eastern District of California.  (ECF No. 4.)  On May 10, 2022, Plaintiff filed a motion for

reconsideration of the order transferring this case.  (ECF No. 8.)  The Court construes Plaintiff's motion as a motion for change of venue.

## II.     CHANGE OF VENUE

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  Local Rule 120(d) provides that, "All civil . . . actions cognizable in the United States District Court for the Eastern District of California arising in . . . Kern [County] . . . shall be commenced in the United States District Court sitting in Fresno, California." L.R. 120(d).

### Discussion

Plaintiff requests the Court to transfer this case back to the Northern District of California. Plaintiff states that he has filed several petitions in the Eastern District of California, Fresno, and has "been met with various forms of obfuscation, omission, subterfuge, and circumvention of the laws."[1]  (ECF No. 8 at 3:1-5.)  Plaintiff appears to argue that the Northern District has power to retain jurisdiction over Plaintiff's case.

These arguments are unpersuasive.  The record shows that the Northern District of California is not a proper venue for Plaintiff's case.  First, no Defendant resides in the Northern District of California.  Second, the Complaint provides no connection to the Northern District with respect to the events alleged, which occurred at Kern Valley State Prison in Delano,

---

[1] Plaintiff's statement is conclusory and lacks any factual support.

California, which is located within the boundaries of the Eastern District of California. Moreover, under Local Rule 120(d), this action, which arose in Kern County, California, should have been brought in the Fresno Division of the Eastern District.

**III.   CONCLUSION**

Accordingly, **THE COURT HEREBY ORDERS** that Plaintiff's motion for change of venue, filed on May 10, 2022, is DENIED.


IT IS SO ORDERED.

Dated:   **May 11, 2022**                    **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE