UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FRIES,<br><br>              Plaintiff,<br><br>     vs.<br><br>PFEIFFER et al.,<br><br>              Defendants. | **1:22-cv-00380-ADA-GSA-PC**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME**<br><br>**(ECF No. 17.)**<br><br>**SIXTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

**I.     BACKGROUND**

Michael Fries ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On August 29, 2022, Plaintiff filed a motion for court-appointed counsel, or in the alternative, for a 60-day extension of time to file his First Amended Complaint, pursuant to the Court's order issued on August 3, 2022. (ECF No. 17.)

**II.    MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court

1

for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel to assist him with filing his First Amended Complaint, managing his chronic pain, proffering legal theories and recovering damages, obtaining his medical records, compiling his appeals to present to the court, compiling forward-looking and backward-looking access claims, addressing the interference with and seizure of his mail, managing defenses regarding supervisor liability training, obtaining witness affidavits, and overcoming false documentation of officials.

None of these circumstances is exceptional under the law.  Plaintiff's original complaint was dismissed for violation of Rule 8(a), with leave to amend, and Plaintiff has not file an amended complaint.  Therefore, there is no viable complaint on file in this case, and the court cannot determine whether Plaintiff's case has merit.  Plaintiff's claims of retaliation, failure to protect, mail tampering, confiscation of medical aids, and use of an improper appeals process are not complex, and based on a review of the record in this case, Plaintiff can adequately articulate his claims and respond to court orders.  Thus, the Court does not find the required exceptional circumstances, and Plaintiff's motion for appointment of counsel shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

### III.    MOTION FOR EXTENSION OF TIME

Plaintiff seeks a 60-day extension of time to file his First Amended Complaint. The Court finds good cause to grant Plaintiff a 60-day extension of time.  Therefore, Plaintiff's motion shall be granted.

IV.     **CONCLUSION**

Accordingly, **THE COURT HEREBY ORDERS** that:

1. Plaintiff's motion for appointment of counsel is DENIED, without prejudice;
2. Plaintiff's motion for extension of time, filed on August 29, 2022, is GRANTED; and
3. Plaintiff is granted **60 days** from the date of service of this order in which to file his First Amended Complaint, pursuant to the Court's order issued on August 3, 2022.

IT IS SO ORDERED.

Dated:   **September 15, 2022**                    **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE