UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FRIES,<br><br>   Plaintiff,<br><br> vs.<br><br>PFEIFFER et al.,<br><br>   Defendants. | 1:22-cv-00380-ADA-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT**<br><br>**(ECF No. 19.)**<br><br>**DEADLINE TO FILE FIRST AMENDED COMPLAINT:  DECEMBER 21, 2022** |

**I. BACKGROUND**

Michael Fries ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  On November 3, 2022, Plaintiff filed a motion appointment of counsel, or in the alternative, an extension of time to file his amended complaint.  (ECF No. 19.)

**II. MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court

for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel to assist him with litigation of this case. He asserts that he has never graduated from school and he requires counsel to assist him with presenting and obtaining facts and evidence supporting the legal issues in this complex and meritorious case.

None of these circumstances is exceptional under the law. Plaintiff's original complaint was dismissed for violation of Rule 8(a), with leave to amend, and Plaintiff has not filed his amended complaint. Therefore, there is no viable complaint on file in this case, and the court cannot determine whether Plaintiff's case has merit. Plaintiff's claims of retaliation, failure to protect, mail tampering, confiscation of medical aids, and use of an improper appeals process are not complex, and based on a review of the record in this case, Plaintiff can adequately articulate his claims and respond to court orders. Thus, the Court does not find the required exceptional circumstances, and Plaintiff's motion for appointment of counsel shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

### III.  MOTION FOR EXTENSION OF TIME

Plaintiff seeks an extension of time to file his First Amended Complaint. The Court finds good cause to grant Plaintiff an extension of time until **December 21, 2022** in which to file the First Amended Complaint. Therefore, Plaintiff's motion shall be granted.

### IV.  CONCLUSION

Accordingly, **THE COURT HEREBY ORDERS** that:

1. Plaintiff's motion for appointment of counsel is DENIED, without prejudice; and

2.  Plaintiff is granted an extension of time until **December 21, 2022** in which to file his First Amended Complaint, pursuant to the Court's order issued on August 3, 2022.

IT IS SO ORDERED.

Dated:  **November 17, 2022**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE