1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   MICHAEL FRIES,                          No.  1:22-cv-00380-ADA-GSA (PC)
12                    Plaintiff,             ORDER DENYING PLAINTFF'S REQUEST
                                             FOR RECONSIDERATION OF THE
13         v.                                MAGISTRATE JUDGE'S ORDER
14   PFEIFFER, et al.,                       (ECF No. 21)
15                    Defendants.
16

17                                  **I.**

18                       **Procedural Background**

19         Plaintiff Michael Fries is a state prisoner proceeding pro se and in forma pauperis with

20   this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint

21   commencing this action on March 30, 2022 in the United States District Court for the Northern

22   District of California.  (ECF No. 1.)  On March 31, 2022, the case was transferred to the Eastern

23   District of California.  (ECF No. 4.)  The matter was referred to a United States Magistrate Judge

24   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

25         On August 3, 2022, the Magistrate Judge issued a screening order dismissing the

26   complaint, with leave to amend within 30 days, for failure to comply with Federal Rule of Civil

27   Procedure 8(a).  (ECF No. 15.)  On August 29, 2022, Plaintiff filed a motion for appointment of

28   counsel.  (ECF No. 17.)  The Magistrate Judge denied Plaintiff's motion on September 15, 2022

                                         1

and granted Plaintiff a 60-day extension of time to file an amended complaint.  (ECF No. 18.)

Plaintiff renewed his motion for appointment of counsel on November 3, 2022.  (ECF No. 19.)

On November 17, 2022, the Magistrate Judge denied the renewed motion and granted Plaintiff an

extension of time, until December 21, 2022, to file an amended complaint.  (ECF No. 20.)

On December 19, 2022, Plaintiff filed objections to the Magistrate Judge's November 17,

2022 order, which the Court construes as a motion for reconsideration.  (ECF No. 21.)

## II.

## Legal Standard

Requests for appointment of counsel are non-dispositive motions that magistrate judges

handle in the first instance.  *See Brown v. Reif*, No. 2:18-CV-01088 KJM CKD P, 2019 WL

989874, at *2 (E.D. Cal. Mar. 1, 2019); E.D. Cal. Rule 302(c)(17).  A district judge will not set

aside a magistrate's order on a non-dispositive matter unless it is clearly erroneous or contrary to

law.[1]  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); E.D. Cal. Rule 303(f).  A matter is clearly

erroneous when "the district court is left with the definite and firm conviction that a mistake has

been made."  *Computer Econ., Inc.*, 50 F. Supp. 2d at 983 (quoting *Weeks v. Samsung Heavy

Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).  Parties must file a motion for

reconsideration within fourteen days of the magistrate judge's ruling.  Fed. R. Civ. P. 72(a); E.D.

Cal. R. 303(b).  "A party may not assign as error a defect in the order not timely objected to."

Fed. R. Civ. P. 72(a).

## III.

## Discussion

**A.    The motion is untimely.**

The Magistrate Judge denied Plaintiff's motion for appointment of counsel on November

17, 2022.  Plaintiff, however, did not file objections until December 15, 2022, twenty-eight days

---

[1] District courts in California are divided over whether the clearly erroneous standard applies only to a magistrate judge's factual and discretionary determinations or to purely legal determinations as well. *See SMC Networks, Inc. v. Hitron Technologies, Inc.*, No. SACV 12-1293-JST (RNBx), 2013 WL 12136372, at *2 (C.D. Cal. Mar. 15, 2013) (comparing rulings from different California district courts).  Because motions for appointment of counsel involves a mixed question of law and fact, however, the district court must use the clearly erroneous standard. *See* Brown, 2019 WL 989874, at *2.

after the Magistrate Judge issued his ruling.[2]  (ECF No. 21.)  Plaintiff did not file any requests for an extension of time to file a motion for reconsideration.  The Court will, therefore, deny Plaintiff's objections, construed as a motion for reconsideration, as untimely.

**B.      The Magistrate Judge's ruling was not clearly erroneous.**

Even if Plaintiff's motion had been timely, the Court would nevertheless deny it because the Magistrate Judge's ruling was not clearly erroneous or contrary to law.

A person has no right to counsel in civil actions.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Courts may, however, appoint an attorney to represent an indigent prisoner in a § 1983 case under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); 28 U.S.C. § 1915(e)(1).  In deciding whether to appoint counsel, courts must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In his objections, Plaintiff renews his request for assistance of counsel.  While he labels numerous deprivations he has suffered while incarcerated, he does not present additional information indicating why his case warrants appointment of counsel at this time.  As the Magistrate Judge discussed in his order, it is too early to consider the merit of Plaintiff's claims because there is currently no viable complaint pending.  (ECF No. 20 at 2.)  Additionally, the claims that the Magistrate Judge – and this Court – can discern in Plaintiff's arguments do not appear to be particularly complex.  (*See id.*)  Finally, "Plaintiff can adequately articulate his claims and respond to court orders."  (*Id.*)  After reviewing the Magistrate Judge's order and considering Plaintiff's objections, the Court does not find that the Magistrate Judge's order denying Plaintiff's motion for appointment of counsel was clearly erroneous or contrary to law.

Additionally, the Court notes that Plaintiff appears to make a motion to disqualify the Magistrate Judge.  (*See* ECF No. 21 at 7.)  The judge who is the subject of a motion for

---

[2] The Court docketed Plaintiff's objections on December 19, 2022, but Plaintiff signature on the filing is dated December 15, 2022.  Based on the mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988), a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk.  *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009).

disqualification, however, should address the movant's arguments in the first instance.  *See*

*United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).

**C.      The Court grants Plaintiff's motion for an extension of time.**

Plaintiff requests that the Court grant a 60-day extension of time in which to file an

amended complaint.  (ECF No. 21 at 3.)  The Court is wary of granting such a request given that

the Magistrate Judge has already granted two motions for extensions of time.  (*See* ECF Nos. 18,

20.)  Nevertheless, giving Plaintiff the benefit of the doubt that he may have been confused about

the time limits for filing a motion for reconsideration, the Court will find good cause to grant the

requested continuance.

Accordingly,

1.      Plaintiff's objections, construed as a motion for reconsideration, (ECF No. 21), are

denied;

2.      Plaintiff's motion for a 60-day extension of time in which to file an amended

complaint is granted from the date of this order; and

3.      The matter is referred back to the assigned Magistrate Judge for further

proceedings.

IT IS SO ORDERED.

Dated:    February 14, 2023

_____

UNITED STATES DISTRICT JUDGE