UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FRIES,<br><br>             Plaintiff,<br><br>      vs.<br><br>PFEIFFER, et al.,<br><br>             Defendants. | **1:22-cv-00380-ADA-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT'S ORDER**<br><br>**(ECF No. 31.)**<br><br>**OBJECTIONS, IF ANY, DUE <u>ON OR BEFORE AUGUST 22, 2023</u>** |

**I.      BACKGROUND**

Michael Fries ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  On March 30, 2022, Plaintiff filed the Complaint commencing this action at the United States District Court for the Northern District of California.  (ECF No. 1.)  On March 31, 2022, the case was transferred from the Northern District of California to the Eastern District of California.  (ECF No. 4.)

On April 10, 2023, the Court issued an order requiring Plaintiff to either: (1) notify the Court that he wishes to stand on the original Complaint, or (2) file an amended complaint on the Court's form, on or before May 15, 2023.  (ECF No. 31.)  On May 18, 2023, Plaintiff filed a

1

motion for extension of time to respond to the Court's order, which was granted by the Court on May 19, 2023, extending the deadline to July 20, 2023.  (ECF Nos. 33, 34.)

The July 20, 2023 deadline has now expired and Plaintiff has not responded to the Court's April 10, 2023 order.  (Court Record.)  Therefore, it will be recommended that this case be dismissed for Plaintiff's failure to comply with the Court's order.

## II.   FAILURE TO COMPLY WITH COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since March 20, 2022.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not comply with the court's orders.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to either file an amended complaint or notify the Court that he wishes to stand on the original Complaint that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Monetary sanctions in this circumstance are of little use, and given the early stage of these proceedings, the preclusion of

evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

### III.   CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court **HEREBY RECOMMENDS** that this case be dismissed, without prejudice, based on Plaintiff's failure to obey the Court's order issued on April 10, 2023.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **On or before August 22, 2023**, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 4, 2023**                        **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE